FILED

**NOT FOR PUBLICATION**

JAN 13 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOLOMON KELLY; et al., | No. 12-55750 |
| Plaintiffs - Appellants, | D.C. No. 5:09-cv-01674-VAP-DTB |
| v. | |
| BEAZER HOMES USA, INC.; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| REMEDIOS MARTINEZ, as an individual and on behalf of all others similarly situated, | No. 12-55751 |
| | D.C. No. 5:09-cv-01672-VAP-DTB |
| Plaintiff - Appellant, | |
| v. | |
| D.R. HORTON, INC., | |
| Defendant - Appellee. | |

| | |
|---|---|
| GASPARE C. ONETO; et al., | No. 12-55752 |
| Plaintiffs - Appellants, | D.C. No. 5:09-cv-01670-VAP- |

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| v.<br><br>THE RYLAND GROUP, INC.; et al.,<br><br>        Defendants - Appellees. | DTB |
| MATTHEW NIELSON, as individual and on behalf of all others similarly situated and NICOLE NIELSON, as individual and on behalf of all others similarly situated,<br><br>        Plaintiffs - Appellants,<br><br>  v.<br><br>SHEA HOMES INC. and J.F. SHEA CO., INC.,<br><br>        Defendants - Appellees. | No. 12-55761<br><br>D.C. No. 5:09-cv-01673-VAP-DTB |
| JAMES F. DODARO, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>STANDARD PACIFIC CORP., DBA Standard Pacific Homes,<br><br>        Defendant - Appellee. | No. 12-55773<br><br>D.C. No. 5:09-cv-01666-VAP-DTB |

| EDILBERTO LUMALU, as individual and on behalf of all others similarly situated; et al., | No. 12-55776 |
| | |
| | D.C. No. 5:09-cv-01669-VAP-DTB |
| Plaintiffs - Appellants, | |
| | |
| v. | |
| | |
| RICHMOND AMERICAN HOMES CORPORATION; et al., | |
| | |
| Defendants - Appellees. | |

| SYLVESTER MAYA, as individual and on behalf of all others similarly situated and OFER MASACHI, as individual and on behalf of all others similarly situated, | No. 12-55778 |
| | |
| | D.C. No. 5:09-cv-01671-VAP-DTB |
| Plaintiffs - Appellants, | |
| | |
| v. | |
| | |
| CENTEX CORPORATION; et al., | |
| | |
| Defendants - Appellees. | |

| STELLA STEPHENS, as an individual and on behalf of all others similarly situated and TIMOTHY YOUNG, | No. 12-55779 |
| | |
| | D.C. No. 5:09-cv-01668-VAP-DTB |
| Plaintiffs - Appellants, | |
| | |
| v. | |

3

LENNAR CORPORATION and
LENNAR HOMES OF CALIFORNIA,
INC.,

          Defendants - Appellees.

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted January 7, 2014
Pasadena, California

Before: W. FLETCHER, M. SMITH, and WATFORD, Circuit Judges.

Plaintiffs-Appellants (Plaintiffs) purchased homes from Defendants-Appellees (the Homebuilders). Plaintiffs appeal from the district court's dismissal of their Second Amended Complaints under Federal Rule of Civil Procedure 12(b)(6). Because the parties are familiar with the facts and procedural history of these cases, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

The district court properly dismissed Plaintiffs' fraudulent concealment claims because Plaintiffs fail to plead facts showing that the Homebuilders breached a duty to disclose. *See Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007). While a seller's duty to disclose may extend to known nuisances on neighboring properties, *see, e.g.*, *Alexander v. McKnight*, 7 Cal. App. 4th 973,

977–78 (1992), California courts have never suggested that a seller must disclose the financial condition of neighbors to a prospective buyer. As the district court cogently observed, "an indebted neighbor" is not akin "to one who creates a noxious nuisance on his or her property."

The district court also correctly dismissed Plaintiffs' fraudulent misrepresentation claims. The Homebuilders' references to the "stable," "traditional," and "family-based" character of their developments are too vague to be actionable. *See Glen Holly Entm't Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1015 (9th Cir. 2003). Further, Plaintiffs' allegations show that the Homebuilders' other challenged "representations" were (1) promises from the *Plaintiffs* to the Homebuilders; (2) qualified by express disclaimers; or (3) vague expressions of the Homebuilders' "desires." And the underlying documents, which the district court properly considered at the pleading stage, *see Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013), show that Plaintiffs' alleged reliance was unjustifiable as a matter of law. *See Alliance Mortg. Co. v. Rothwell*, 900 P.2d 601, 609 (Cal. 1995).

Because Plaintiffs fail to plead facts showing actionable misrepresentations and justifiable reliance, Plaintiffs' negligent misrepresentation claims also fail. *See Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1200 n.2 (9th Cir. 2001). Similarly,

5

Plaintiffs' claims under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, fail because (1) many of the Homebuilders' representations are too vague to be actionable, *see Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1361 & n.3 (2003); and (2) the documents on which Plaintiffs rely would not deceive a reasonable consumer. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Plaintiffs' claims under California's Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200 *et seq.*, are also deficient. Because Plaintiffs fail to state a claim for any "predicate violations," they fail to state a claim for unlawful conduct under the UCL. *Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 558 (9th Cir. 2010). Next, Plaintiffs fail to state a claim for unfair conduct under the UCL. The regulations on which Plaintiffs relied in the district court expressly exclude home-purchase loans. *See* 66 Fed. Reg. 65604-01 (Dec. 20, 2001). And we decline to consider Plaintiffs' newly-raised argument regarding section 2079 of the California Civil Code. *See Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 n.10 (9th Cir. 2012). Finally, Plaintiffs fail to state a claim for fraudulent conduct under the UCL because Plaintiffs fail to plead facts showing that the Homebuilders' conduct would "confound[] an appreciable number of reasonably prudent purchasers exercising ordinary care." *Clemens v.*

6

*DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008) (quoting *Brockey v. Moore*, 107 Cal. App. 4th 86, 99 (2003)).[1]

Because there is no indication that any amendment could save Plaintiffs' claims on the merits, the district court did not abuse its discretion in concluding that amendment would be futile. *See Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009). In view of this disposition, we need not reach the parties' statute of limitations arguments.

For the foregoing reasons, we affirm the judgments of the district court.

**AFFIRMED.**

---

[1] Plaintiffs do not address the district court's dismissal of their claims for breach of the implied covenant of good faith and fair dealing in their opening brief. Accordingly, they have waived any challenge to that aspect of the court's decision. *See United States v. Wahchumwah*, 710 F.3d 862, 868 n.2 (9th Cir. 2013).