**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RODNEY HARMON, individually and on behalf of a class of similarly situated consumers,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>HILTON GROUP, PLC; HILTON INTERNATIONAL CO.; HILTON HOTELS CORPORATION,<br><br>        Defendants - Appellees. | No. 11-18056<br><br>D.C. No. 3:11-cv-03677-JCS<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding

Argued and Submitted January 17, 2014
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and GETTLEMAN, Senior
District Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

Rodney Harmon filed a class action complaint against the Hilton Group, alleging several violations of California's Unfair Competition Law ("UCL"), two violations of the California Consumer Legal Remedies Act ("CLRA"), and unjust enrichment. The district court dismissed the complaint with prejudice[1] because Harmon suffered no damages and Hilton disclosed the possibility of $.75 refund[2] for customers who refuse a newspaper. Harmon appeals, arguing that the district court made erroneous findings of fact when it decided that Harmon lacked standing to bring his claims and that the district court erroneously decided that the newspaper disclosures were adequate as a matter of law. We have jurisdiction under 28 U.S.C. § 1291. Our review is de novo, *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008), and we affirm.

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code §§ 17200, 17204. UCL claims are governed

---

[1] We do not address whether the district court should have given Harmon leave to amend his complaint because Harmon failed to preserve this issue. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) (holding that courts will review only issues that are argued specifically and distinctly in an opening brief); Fed. R. App. P. 28(a)(5) (an appellant's brief must state the issues presented for review, a summary of the argument, and the appellant's contentions and the reasons for them).

[2] We acknowledge that Harmon refers to the $.75 as a fee or a charge, whereas Hilton uses the terms "credit" or "refund." We do not address this difference because it does not affect our decision.

by the "reasonable consumer standard," which requires evidence that "members of the public are likely to be deceived." *Williams v. Gerber Prods. Co.*, 523 F.3d 934, 938 (9th Cir. 2008) (internal citations and quotation marks omitted).

Here, Harmon alleges that Hilton violated all three of the UCL's prongs. We disagree. Harmon's unlawful business practice claim fails because the factual allegations of his complaint do not support a plausible inference that Hilton's newspaper policy violates the CRLA, as seen below. Harmon's unfair business practice claim fails under all three tests[3] that California courts apply to unfairness claims because his complaint fails to allege that a reasonable consumer could not avoid any harm allegedly caused by the disclosure policy by closely reading the disclosure. Lastly, Harmon's complaint fails to plead that Hilton's newspaper disclosure was a fraudulent business practice, because he offers no allegations that the disclosure had "a likelihood of confounding an appreciable number of reasonably prudent purchasers exercising ordinary care," and only offered one "isolated example[ ] of actual deception"—himself. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008). Thus, regardless of whether Harmon

---

[3] *See Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th 581, 593-97 (Cal. Ct. App. 2009) (discussing the three unfair business tests).

suffered economic harm, the facts in his complaint do not state a plausible UCL claim.

Harmon's CLRA claim is without merit. California Civil Code § 1770(a)(14) proscribes "representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve." Section 1770(a)(19) bars insertion of unconscionable provisions into a contract. Here, regardless of damages, Harmon's complaint does not show that he is entitled to relief because it does not adequately allege that the disclosure policy had "the likely effect of misleading the public." *Daugherty v. Am. Honda Mot. Co., Inc.*, 144 Cal. App. 4th 824, 836 (Cal. Ct. App. 2006). Nor does he plead that Hilton's disclosure is unconscionable.

Harmon's unjust enrichment claim fails because he failed to plead that Hilton was "unjustly" enriched.

Accordingly, the district court did not err by dismissing Harmon's complaint.

**AFFIRMED.**