**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 8 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JENELLE FORD; BARRY FORD, h/w, on behalf of themselves and others similarly situated,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>FORD MOTOR COMPANY, a Delaware Corporation,<br><br>Defendant-Appellee. | No.  14-56280<br><br>D.C. No. 2:13-cv-08335-PSG-SS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted June 6, 2016**
Pasadena, California

Before: GOULD, MELLOY***, and HURWITZ, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Jenelle and Barry Ford ("Plaintiffs") appeal a summary judgment entered in favor of Ford Motor Company ("FMC") in this putative class action. Plaintiffs raised six California-law claims and one federal claim concerning the rear axle in their 1999 Ford Windstar minivan, which developed cracks after twelve years and 221,000 miles of use. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Plaintiffs asserted two theories of injury before the district court: (1) that the axle failed prematurely, resulting in unwarranted replacement costs (the "replacement theory") and (2) that Plaintiffs "would not have purchased their Windstar if FMC had disclosed that its rear axle was susceptible to metal fatigue" (the "reliance theory"). All of Plaintiffs' claims for relief rely upon one or both of these theories.

2. To succeed on their replacement theory, Plaintiffs were required to prove that a defect in the axle caused it to fail before the end of its "useful life." *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) ("Every manufactured item is defective at the time of sale in the sense that it will not last forever; the flip-side of this original sin is the product's useful life."). Plaintiffs presented insufficient evidence that the axle was defective. Their contention that an axle must last "indefinitely" or as long as all other parts of the vehicle fails. *See Daugherty v. Am. Honda Motor Co., Inc.*, 51 Cal. Rptr. 3d 118, 123 (Ct. App. 2006) (recognizing that "[a]ll [automobile] parts will wear out sooner or later") (quoting

2

*Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986)). The fact that FMC replaced the rear axles of some Windstars with over 221,000 miles as part of a recall does not establish that the axle in Plaintiffs' vehicle was defective.

3.       Plaintiffs did not argue in their opening brief that the district court erred in rejecting the reliance theory, and mischaracterize the district court's ruling as dicta in their reply. That argument is therefore waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**