UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L. ANDERSON, | No. 14-56726 |
| Plaintiff-Appellee, | D.C. No. 2:14-cv-04325-GW-AGR |
| v. | Central District of California, Los Angeles |
| MICHAELS STORES INC, a Delaware Corporation, | |
| Defendant-Appellant. | ORDER |

Before: GOULD, and BERZON, Circuit Judges, and STEEH,[*] District Judge.

Plaintiff-Appellee Lisa Anderson's Petition for Panel Rehearing and/or

Clarification is GRANTED. The memorandum disposition previously filed on

May 19, 2016 is withdrawn and a replacement memorandum disposition shall be

filed forthwith with this order.

---

[*] The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| L. ANDERSON, | No. 14-56726 |
| Plaintiff - Appellee, | D.C. No. 2:14-cv-04325-GW-AGR |
| v. | |
| MICHAELS STORES INC., a Delaware Corporation, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted December 7, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and STEEH,** Senior District
Judge.

Defendant-Appellant Michaels Stores, Inc. (Michaels) appeals the district

court's order denying Michaels's motion for judgment on the pleadings.  Michaels

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable George Caram Steeh III, Senior District Judge for the
U.S. District Court for the Eastern District of Michigan, sitting by designation.

contends that the claims of Plaintiffs-Appellants Lisa Anderson and twenty-four other claimants are barred by the statutes of limitation.[1] These claims include Michaels's failure to pay overtime wages, Cal. Lab. Code §§ 510(a) and 1194, failure to provide accurate wage statements, Cal. Lab. Code § 226(e), failure to pay all wages due, Cal. Lab. Code § 203, and engagement in unfair competition, Cal. Bus. & Prof. Code § 17200 *et seq.*. We have jurisdiction under 28 U.S.C. § 1292(b), and we reverse.

At issue is whether, applying the doctrine outlined in *American Pipe & Construction Company v. Utah*, 414 U.S. 538, 556–59 (1974), the statutes of limitation for Anderson's claims tolled during the pendency of a 2006 and 2011 class action. With the exception of those arising under section 17200, a three-year limitations period applies to Anderson's claims. Cal. Bus. & Prof. Code § 17208; Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203(b). Because Anderson's employment with Michaels ended in August 2008, and her claims are determined on a workweek-by-workweek and pay period basis, *see Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 948 (9th Cir. 2011), Anderson's claims arising before

---

[1] This disposition only addresses Anderson's claims because only her claims are before us on appeal.

2

and during the first class action are time barred unless tolling occurred during both class actions.

California law controls in assessing whether tolling should be allowed during the pendency of both class actions. *Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 530 (9th Cir. 2011). California has adopted the *American Pipe* tolling doctrine, *see Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1119, 1126 (1988), and has allowed a second class action to proceed after holding that the statute of limitation tolled during the first class action, *Falk v. Children's Hosp. L.A.*, 237 Cal. App. 4th 1454, 1470 (2015). But California has not ruled whether so-called "piggyback" tolling—that is, tolling during two separate class actions—is permissible. Tolling rules are state law questions, implicating California's interest in managing its own judicial system. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008). *Clemens* requires that we not import the "piggyback" limitations tolling doctrine into California state law. *See id.*

Equitable tolling and equitable estoppel also do not help Anderson. She forfeited both contentions by not arguing them fully before the district court. *See Arredondo v. Ortiz*, 365 F.3d 778, 781 (9th Cir. 2004). Because these arguments rely on law that was settled when this matter was before the district court, and because these arguments are not purely legal, we decline to consider them for the

3

first time on appeal. *See AlohaCare v. Hawaii, Dept. of Human Servs.*, 572 F.3d 740, 744–45 (9th Cir. 2009).

Anderson also contends that regardless of whether this court allows tolling during the first and second class actions, the claims that accrued after the first class action was decertified should have tolled during the second class action. However, most of Anderson's claims have a three-year statute of limitation, and more than three years passed between the end of Anderson's employment with Michaels and the filing of the second class action. These claims are time barred regardless of tolling.

Unlike the claims under section 203, however, Anderson's claims under section 17200 are subject to a four-year limitations period. Cal. Bus. & Prof. Code § 17208. Because the second class action was filed on September 13, 2011, Anderson's section 17200 claims as to all pay periods between September 13, 2007 and August 2008 would be timely if they were tolled during the second class action. However, California courts only allow *American Pipe* tolling when supported by two policy considerations. *See Perkin v. San Diego Gas & Elec. Co.*, 225 Cal. App. 4th 492, 503 (2014) (citing *Jolly*, 751 P.2d at 935). Here, the district court in the first class action concluded that Anderson's claims, including those under section 17200, were not suited for class actions. Under these circumstances,

4

it was not "unforeseeable" that Anderson's section 17200 claims would not be certified in the second class action, and tolling these claims would not protect the class action device or effectuate the purposes of the statute of limitations. *See id.* We decline to allow tolling.[2]

**REVERSED**.

---

[2] We do not decide whether Anderson can amend her complaint. District courts have discretion to grant leave to amend, *see, e.g.*, *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989), and we conclude that the district court should decide in the first instance whether Anderson may do so.