NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATT P. JACOBSEN, | No. 17-15843 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-00504-MMD-VPC |
| v. | |
| CLEAR RECON CORPORATION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted September 12, 2018**

Before:     LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Matt P. Jacobsen appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo both the district court's dismissal for failure to state a claim under

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Fed. R. Civ. P. 12(b)(6) and summary judgment. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). We may affirm on any basis supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

The district court properly dismissed Jacobsen's Fair Debt Collection Practices Act claims because Jacobsen failed to allege facts sufficient to state plausible claims for relief. *See* 15 U.S.C. §§ 1692f, 1692g; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

Dismissal of Jacobsen's quiet title claim was proper because Jacobsen failed to allege facts sufficient to show that HSBC Bank USA, N.A. did not have standing to foreclose on Jacobsen's property. *See* Nev. Rev. Stat. § 40.010; *Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013) ("A plea to quiet title [under Nevada law] does not require any particular elements, but each party must plead and prove his or her own claim to the property in question and a plaintiff's right to relief therefore depends on superiority of title." (citation and internal quotation marks omitted)); *Edelstein v. Bank of New York Mellon*, 286 P.3d 249, 260-61 (Nev. 2012) (explaining that Nevada law permits the severance and independent transfer of deeds of trusts and promissory notes without impairing

17-15843

the loan beneficiary's right to ultimately foreclose, and that MERS's assignment of the deed of trust along with the promissory note demonstrates valid transfer of both instruments).

Dismissal of Jacobsen's cancellation of assignment claim was proper because Jacobsen failed to allege facts sufficient to show that the assignment was defective. *See Iqbal*, 556 U.S. at 678; *Edelstein*, 286 P.3d at 260-61.

The district court did not abuse its discretion by taking judicial notice of the title documents. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (setting forth standard review and explaining the circumstances in which the district court may take judicial notice of documents extraneous to the pleadings in ruling on a motion to dismiss for failure to state a claim).

Contrary to Jacobsen's contention, the district court did not err by considering a declaration of an HSBC employee in ruling on Jacobsen's claim under Nev. Rev. Stat. § 107.460, because HSBC moved for summary judgment in the alternative and, in ruling on this claim, the district court applied the summary judgment standard.

The district court did not abuse its discretion by dismissing Jacobsen's complaint without leave to amend because amendment would have been futile. *See United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Const. Trades Dep't, AFL–CIO*, 770 F.3d 834, 845 (9th Cir. 2014) (setting forth standard of review and

17-15843

explaining that dismissal without leave to amend is not an abuse of discretion if amendment would be futile).

**AFFIRMED.**