**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT SMOTHERS, | No. 19-55633 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01391-CAB-AGS |
| v. | |
| BMW OF NORTH AMERICA, LLC, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| DOES, 1 to 10, inclusive, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted June 2, 2020**
Pasadena, California

Before: FERNANDEZ and OWENS, Circuit Judges, and AMON,*** District

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Judge.

Plaintiff-Appellant Robert Smothers appeals from the district court's summary judgment in favor of Defendant-Appellee BMW of North America (BMW) on his Song-Beverly Consumer Warranty Act claims on statute of limitations grounds. We review de novo a district court's summary judgment. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.

Song-Beverly claims require plaintiffs to demonstrate three elements:

(1) the vehicle had a nonconformity that was covered by the express warranty that substantially impaired the use, value or safety of the vehicle (the nonconformity element); (2) the vehicle was presented to an authorized representative of the manufacturer for repair (the presentation element); and (3) the manufacturer or [its] representative did not repair the nonconformity after a reasonable number of repair attempts (the failure to repair element).

*Oregel v. Am. Isuzu Motors, Inc.*, 109 Cal. Rptr. 2d 583, 588 (Ct. App. 2001) (citing Cal. Civ. Code § 1793.2). It is undisputed that "the four-year limitations period of California Uniform Commercial Code section 2725 governs [actions] for breach of [the Song-Beverly Act] and [actions] for breach of warranty." *Krieger v. Nick Alexander Imports, Inc.*, 285 Cal. Rptr. 717, 720 (Ct. App. 1991). Section 2725(2) indicates that a cause of action typically accrues either "when the breach

occurs" or when the breach should have been discovered. Cal. Com. Code § 2725(2).

Here, Smothers' claims accrued no later than December 2013—the point at which he was aware of the oil consumption issue, and, despite presenting the vehicle to BMW technicians for repair on multiple occasions, the issue remained. Thus, in the absence of tolling or estoppel, Smothers' claims were untimely as of December 2017. He filed his complaint in May 2018.

1.     Smothers argues that the discovery rule, which "postpones accrual . . . until the plaintiff discovers, or has reason to discover, the cause of action," applies to his claims. *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005). Generally speaking, "suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will . . . trigger the statute of limitations period." *Id*. Furthermore, a plaintiff is charged with "knowledge that could reasonably be discovered through investigation." *Nguyen v. W. Digital Corp.*, 177 Cal. Rptr. 3d 897, 922 (Ct. App. 2014) (citation omitted). Here, Smothers testified that he knew of the oil consumption issue as early as May 2012 and was aware that BMW technicians had not remedied the issue after multiple visits to the BMW dealership by December 2013. Moreover, even if Smothers did not know the precise nature of the issue, a reasonable investigation, including explicitly addressing the oil consumption issue with technicians, would have shed

light on the inquiry.  *See Fox*, 110 P.3d at 920.  As such, the discovery rule does not delay accrual of Smothers' claims.

2.  Smothers also argues that because BMW technicians lulled him into inaction, the doctrine of equitable tolling should "suspend or extend a statute of limitations in order to ensure that a limitations period is not used to bar a claim unfairly."  *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1185 (9th Cir. 2009).  Under California law, equitable tolling may apply where: (1) the defendant was given timely notice; (2) there is a lack of prejudice to the defendant; and (3) there is "good faith conduct on the part of the plaintiff."  *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1204 (9th Cir. 2014) (citation omitted).  Equitable tolling based on fraud requires a plaintiff to show "that fraudulent conduct by the defendant resulted in concealment of the operative facts."  *Tunac v. United States*, 897 F.3d 1197, 1207 (9th Cir. 2018) (internal quotation marks, alteration, and citation omitted).  Here, there is no evidence of concealment as Smothers testified that he continued to suspect that there was an oil consumption issue after multiple visits to BMW dealerships.  As such, equitable tolling does not apply.

3.  Smothers further argues that *Bang v. BMW of North America, LLC*, a putative class action filed in the District of New Jersey, tolls the statute of

4

limitations under the class action tolling doctrine.[1]  "In some instances, a plaintiff can rely on the filing of a prior class action to vindicate the right in question and toll the statute in the event that the class is not ultimately certified."  *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (citing *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974)).  However, because California maintains an interest in managing its own judicial system, "[t]he rule of *American Pipe*—which allows tolling within the federal court system in federal question class actions—does not mandate cross-jurisdictional tolling as a matter of state procedure."  *Id.*; *see also Hatfield*, 564 F.3d at 1187.  Here, *Clemens* controls, and the *Bang* class action does not toll the statute of limitations.

4.      Finally, Smothers recycles his equitable tolling arguments in the context of equitable estoppel.  Equitable estoppel "focuses primarily on actions taken by the *defendant* to prevent a plaintiff from filing suit."  *Lukovsky v. City & Cty. of S.F.*, 535 F.3d 1044, 1051 (9th Cir. 2008).  For equitable estoppel to apply, a plaintiff must show, among other things, that the plaintiff was "ignorant of the true state of facts."  *Id.* at 1051-52 (citation omitted).  As explained above, there is no evidence that Smothers was ignorant of the true state of the facts at any

---

[1] Smothers includes a motion for judicial notice of the *Bang* class action.  9th Cir. Dkt. 16.  Smothers' motion is granted, as the *Bang* class action is "not subject to reasonable dispute."  Fed. R. Evid. 201.

point.  Therefore, BMW was not equitably estopped from asserting a statute of limitations defense.

**AFFIRMED**.