**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOHN DINAN; et al.,

           Plaintiffs-Appellants,

  v.

SANDISK LLC,

           Defendant-Appellee.

No.   20-15287

D.C. No. 5:18-cv-05420-BLF

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Argued and Submitted February 4, 2021
San Francisco, California

Before:  THOMAS, Chief Judge, and IKUTA and NGUYEN, Circuit Judges.

     Plaintiffs appeal the district court's Rule 12(b)(6) dismissal of their

complaint against SanDisk.  Plaintiffs allege that SanDisk violated three California

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

consumer protection statutes[1] by using gigabyte ("GB") to mean 1,000,000,000

bytes ("the decimal definition"), when Plaintiffs assumed gigabyte as used by

SanDisk meant 1,073,741,824  bytes ("the binary definition").  Plaintiffs

additionally allege a breach of contract on similar grounds.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because

the parties are familiar with the history of the case, we need not recount it here.

We review a 12(b)(6) dismissal *de novo*.  *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962

(9th Cir. 2016).

I

The district court properly held that California's safe harbor doctrine

protects SanDisk's labeling from liability under the three consumer protection

statutes.  Statutes clearly permit the use of the metric system as published by the

National Institute of Standards and Technology ("NIST"), and NIST publications

instruct that the metric prefix "giga" and the symbol "G" mean 1,000,000,000,

which corresponds to the decimal definition of gigabyte.

California law provides that courts may not find a business practice unfair

under its broad consumer protection statutes when the legislature has permitted that

---

[1] The three statutes are the Consumer Legal Remedies Act, Cal. Civ. Code
§§ 1750 et seq.; the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et
seq.; and the false advertising law, *id.* §§ 17500 et seq.

practice. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 973 P.2d 527, 542 (Cal. 1999) ("[C]ourts may not use the unfair competition law to condemn actions the Legislature permits."). Though *Cel-Tech* concerned only the Unfair Competition Law, later decisions have made clear that this safe harbor doctrine also applies to the Consumer Legal Remedies Act, *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933–34 (9th Cir. 2011), and we agree with the district court that there is no reason why it would not apply to the false advertising law as well, *Dinan v. SanDisk LLC*, No. 18-CV-05420-BLF, 2020 WL 364277, at *12 (N.D. Cal. Jan. 22, 2020). Federal law may also create a safe harbor under this doctrine. *See Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1166 (2012).

Both California and federal law expressly authorize use of the metric (also called "SI") system in commerce. *See* 15 U.S.C. § 204 ("It shall be lawful throughout the United States of America to employ the weights and measures of the metric system . . . ."); *id.* § 205b; Cal. Bus. & Prof. Code § 12301. The metric system for the United States is interpreted and defined by the NIST. *See* 15 U.S.C. § 205 (delegating power to interpret the metric system to the Secretary of Commerce); Metric System of Measurement: Interpretation of the International System of Units for the United States, 63 Fed. Reg. 40334 (July 28, 1998) (noting that the Secretary delegated this power to the NIST). In addition, California law

expressly provides that the definitions and tables for weight and measure "as published by the National Institute of Standards and Technology . . . shall govern weighing and measuring equipment and transactions in this state."  Cal. Bus. & Prof. Code § 12313.

The NIST makes clear that "giga" is a metric prefix that means 1,000,000,000.  The NIST sets out the metric system for the United States in two publications, Special Publication 330 ("SP 330") and Special Publication 811 ("SP 811").[2]  *See* Interpretation of the International System of Units (the Metric System of Measurement) for the United States, 73 Fed. Reg. 28432-01 (May 16, 2008) ("Together these publications [SP 330 and SP 811] provide the legal interpretation of and guidelines for the use of the SI in the United States.").  SP 811 includes a table showing that "giga" and the symbol "G" properly refer to the decimal definition.  Nat'l Inst. of Standards & Tech., Special Publication 811, *Guide for the Use of the International System of Units* (2008) ("SP 811") at 7.  A note under the table clarifies that "[a]lternative definitions of the SI prefixes and their symbols are not permitted," and gives the specific forbidden example of using giga (G) to represent the binary definition.  *Id.*  SP 811 further specifies that prefixes that

_____

[2] Plaintiffs' motion for judicial notice of SP 811 and other documents, filed July 1, 2020, is granted.

4

connote powers of two have different names and symbols. For example, "gibi" and "Gi" replace "giga" and "G," and "kibi" replaces "kilo" such that "one kibibyte would be written: 1 KiB = 2^10 B = 1024 B, where B denotes a byte." *Id.* at 74.

SP 811 therefore makes clear that the metric prefix "giga" and symbol "G" refer to the decimal definition. And since using NIST definitions is permitted by state and federal statutes, this definition of "giga" and "G" provides safe harbor under *Cel-Tech* for SanDisk's labeling.

II

The complaint fails to state a claim for breach of contract. It does not make allegations sufficient to establish that Plaintiffs and SanDisk entered into a contract. *See* Cal. Com. Code § 2204(1); *see also Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017). Moreover, because the complaint acknowledges that SanDisk's packaging defined GB "as one billion bytes," the complaint fails to allege an agreement to provide additional storage. *See id.* Nor does the complaint make a warranty claim based on "written labels or advertisements of a manufacturer." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008).

5

**AFFIRMED.**