NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 24 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRENDAN PEACOCK,

    Plaintiff - Appellant,

v.

PABST BREWING COMPANY,

    Defendant - Appellee.

No. 24-2494

D.C. No.
2:18-cv-00568-DJC-CKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Submitted April 9, 2025**
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Brendan Peacock appeals the district court's denial of class certification and

the grant of summary judgment against his claims under California's Unfair

Competition Law ("UCL") for allegedly false or deceptive advertising. He claims

that Defendant-Appellee Pabst Brewing Co. ("Pabst") misled consumers with the

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

labeling on its now-discontinued Olympia Beer cans. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Summary judgment is proper where the moving party demonstrates "the absence of a genuine issue of material fact," and where the non-moving party fails to "come forward with specific facts showing that there is a *genuine issue for trial.*" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). We review summary judgment rulings de novo, and we view the evidence and draw all reasonable inferences in the non-moving party's favor. *See Greenberg v. Target Corp.*, 985 F.3d 650, 654 (9th Cir. 2021) (citation omitted); *Matsushita*, 475 U.S. at 587.

California's reasonable consumer standard governs Peacock's UCL claim. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)). "[T]he reasonable consumer standard requires a probability 'that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Ebner v. Fresh*, 838 F.3d 958, 965 (9th Cir. 2016) (quoting *Lavie v. Procter & Gamble Co.*, 129 Cal. Rptr. 2d 486, 495 (Ct. App. 2003)). A mere possibility of confusion among "some few consumers" with an unreasonable understanding and "a few isolated examples of actual deception"

are insufficient to maintain a UCL claim for false advertising. *Lavie*, 129 Cal. Rptr. 2d at 495; *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1026 (9th Cir. 2008) (citation omitted). The plaintiff's own personal experience and assumptions are also insufficient on their own to meet the reasonable consumer standard. *See Clemens*, 534 F.3d at 1026.

In this case, the district court properly granted summary judgment. Pabst carried its burden with unrebutted expert opinion that "there is no meaningful evidence" that the relevant consumer population was "misled by the elements of the Olympia Beer label" at the heart of this case. Peacock offers virtually no evidence or specific facts that support his claim. He cites only his personal assumptions and limited deposition testimony that is not relevant to whether the Olympia Beer label was likely to confuse "an appreciable number" of reasonable consumers. *Clemens*, 534 F.3d at 1026. In short, Peacock lacks the fundamental evidentiary ingredients to brew a successful escape from summary judgment.

**AFFIRMED.**[1]

---

[1] Because Peacock's UCL claim fails on its merits, we need not reach the class certification issue.