2025 IL App (2d) 240459
No. 2-24-0459
Opinion filed May 28, 2025

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| MALCHIE WALKER, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 21-AR-235 |
| | ) | |
| SHULTS AUTO SALES, INC., | ) | Honorable |
| | ) | Mark R. Facchini, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE KENNEDY delivered the judgment of the court, with opinion. Justices Schostok and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff, Malchie Walker, sued defendant, Shults Auto Sales, Inc., for violations of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2020)) and the Uniform Commercial Code (UCC) (810 ILCS 5/1-101 *et seq.* (West 2020)), stemming from plaintiff's purchase of a used vehicle. One of plaintiff's UCC claims alleged breach of the implied warranty of merchantability (see *id.* § 2-314). The matter proceeded to arbitration, where an award was entered in defendant's favor. Plaintiff rejected the award.

¶ 2 After plaintiff rejected the arbitration award, he filed a motion for leave to file a second amended complaint, seeking to add his daughter as a party and include a federal claim for breach of the implied warranty of merchantability under the Magnuson-Moss Warranty-Federal Trade

Commission Improvement Act (MMWA) (15 U.S.C. § 2301 *et seq.* (2018)). The trial court denied plaintiff leave to amend, and the matter proceeded to trial.

¶ 3    Following a bench trial, the trial court found in favor of plaintiff on his implied warranty claim and in favor of defendant on the remaining claims. Thereafter, plaintiff petitioned for attorney fees under the MMWA. The court denied the petition for attorney fees and plaintiff's subsequent motion for reconsideration.

¶ 4    Plaintiff timely appealed. Plaintiff argues that the trial court erred (1) in denying his motion for leave to file a second amended complaint and (2) in denying his petition for attorney fees. We affirm.

¶ 5                                 I. BACKGROUND

¶ 6    On June 16, 2021, plaintiff filed his initial complaint against "James Shults and Bobbie Shults, individually and D/B/A Shults Auto Sales, Inc." Defendant moved to dismiss James Shults and Bobbie Shults in their individual capacities. The trial court granted the motion and allowed plaintiff leave to file an amended complaint.

¶ 7    On January 14, 2022, plaintiff filed a four-count amended complaint against defendant. According to the amended complaint, on August 15, 2020, plaintiff purchased a used 2012 GMC Terrain sport utility vehicle from defendant for $7,995. Under the terms of the retail installment contract, plaintiff was to make 38 monthly payments, totaling $10,643.34. Plaintiff later learned that the vehicle had been in a flood, which resulted in "extreme rusting of the frame and underside of the vehicle." A mechanic advised plaintiff that "the vehicle was unsafe to drive." Plaintiff advised defendant of the unsafe condition but was unsuccessful in resolving the issue.

¶ 8    Count I alleged that defendant violated section 2 of the Consumer Fraud Act (815 ILCS 505/2 (West 2020)) by engaging in deceptive practices that led plaintiff to purchase the vehicle.

Count II alleged that defendant violated the implied warranty of merchantability under section 2-314 of the UCC (810 ILCS 5/2-314 (West 2020)), in that the vehicle was not fit for its ordinary purpose. Count III sought revocation of acceptance under section 2-608 of the UCC (*id.* § 2-608). Count IV sought the imposition of a constructive trust. Each count requested attorney fees.

¶ 9    On April 19, 2022, the trial court granted defendant 14 days to respond to the amended complaint. The matter was set for arbitration on June 10, 2022.

¶ 10    On April 20, 2022, plaintiff's counsel filed a motion to withdraw, citing irreconcilable differences between counsel and plaintiff.

¶ 11    Defendant answered the amended complaint on May 3, 2022.

¶ 12    On May 5, 2022, the trial court granted plaintiff's counsel's motion to withdraw, "[f]or reasons noted on the record." The court's written order noted that plaintiff had terminated counsel in writing and directed her not to perform any further services. The order further noted that, although plaintiff also "stat[ed] *** in writing that he has retained new counsel," new counsel had not yet filed an appearance and was not present. The order also noted that the case was set for arbitration on June 10, 2022. The court granted plaintiff "through May 25, 2022, to have a new appearance filed by the [p]laintiff or through counsel." The court set the matter for status on May 27, 2022, noting that "the pending complaint [would] likely be dismissed" if a new appearance was not filed.

¶ 13    On May 23, 2022, plaintiff filed a *pro se* appearance.

¶ 14    On May 27, 2022, the trial court struck for "good cause" the June 10, 2022, arbitration date. The matter was continued to July 8, 2022, and, thereafter, to September 30, 2022.

¶ 15    On August 12, 2022, plaintiff, acting *pro se*, filed a motion for leave to file a second amended complaint. Plaintiff claimed that he had "consulted with a qualified lawyer and realized

that his [c]omplaint on file is deficient." Plaintiff's motion did not describe the specifics of any proposed amendments or otherwise explain the alleged deficiencies in the amended complaint.

¶ 16    The proposed second amended complaint, which was attached to the motion, added plaintiff's daughter, Takela Walker, as an additional party and contained three counts. Count I alleged a breach of the implied warranty of merchantability under section 2310(d)(1) of the MMWA (15 U.S.C. § 2310(d)(1) (2018)).[1] Count II alleged that defendant violated section 2 of the Consumer Fraud Act (815 ILCS 505/2 (West 2020)). Count III, brought under the UCC, claimed revocation of acceptance (810 ILCS 5/2-608 (West 2020)) and cancellation of contract (*id.* § 2-711(1)).

¶ 17    The attached notice of motion indicated that plaintiff would appear on August 26, 2022, to present his *pro se* motion for leave to amend.

¶ 18    On August 25, 2022, plaintiff filed an amended notice of motion, which stated that plaintiff would instead appear on September 8, 2022, to present his motion.

¶ 19    On August 26, 2022, attorney Dmitry N. Feofanov filed a substitute appearance on plaintiff's behalf.

---

[1]Section 2310(d)(1) of the MMWA (15 U.S.C. § 2310(d)(1) (2018)) allows a consumer to bring a federal claim for violation of an implied warranty, which it defines as a warranty under state laws (*id.* § 2301(7)). To bring an action under section 2310(d)(1), the consumer must give the warrantor "a reasonable opportunity to cure" its failure to comply with an "obligation under any written or implied warranty." *Id.* § 2310(e). In addition, the MMWA provides that a prevailing consumer "in any action brought under paragraph [(d)(1)]" may be awarded attorney fees as part of the judgment. *Id.* § 2310(d)(2).

¶ 20    On August 30, 2022, plaintiff (now acting through counsel) filed under Illinois Supreme Court Rule 90(c) and (d) (eff. Oct. 1, 2021) a notice of intent to offer documents at the arbitration hearing. Plaintiff included the materials he intended to offer at the arbitration hearing.

¶ 21    On September 30, 2022, the arbitration hearing occurred as scheduled. After the hearing, a panel of arbitrators found "in favor of defendant w/o costs and against plaintiff w/o costs." That same day, plaintiff rejected the award. The matter was continued to October 31, 2022.

¶ 22    On October 12, 2022, plaintiff filed a new motion for leave to file a second amended complaint. Like the *pro se* motion filed on August 12, 2022, the new motion did not describe the specifics of the proposed amendments or otherwise explain how the amended complaint was deficient. The proposed second amended complaint, which was attached to the motion, alleged essentially the same three counts as were alleged in the previously proposed second amended complaint—one apparent difference being that count I, which still alleged a violation of the implied warranty of merchantability under section 2310(d) of the MMWA, now also incorporated an allegation that defendant breached the implied warranty of merchantability under section 2-314 of the UCC.

¶ 23    On November 22, 2022, defendant filed its response, arguing that plaintiff should not be allowed to amend his complaint because (1) plaintiff failed to note any defect in the amended complaint; (2) the amendment would be prejudicial and a surprise to defendant; (3) the request was not timely, as it should have been addressed before arbitration; and (4) plaintiff had several months to seek leave to amend the complaint (and twice failed to appear on the motion to amend that he had filed).

¶ 24    On November 23, 2022, plaintiff filed his reply. Plaintiff first addressed defendant's argument concerning plaintiff's failure to appear—both on August 26, 2022, and September 8,

2022,—to argue the *pro se* motion to amend the complaint. Plaintiff asserted that he, then *pro se*, did not appear on the August hearing date because he was in the hospital. Plaintiff asserted further that he did not appear on the September hearing date because of a "miscommunication with the Clerk of the Court." In support, plaintiff attached an affidavit from Walker, who averred in relevant part:

"2. On August 26, 2022, I came to court instead of my father, because my father was in the hospital at that time. On that day, [d]efendant attempted to object to my father's motion in his absence.

3. After my lawyer came into this case, I informed him that, according to my conversation with the [c]lerk, the matter may have been stricken from [*sic*] September 8 call. On an off chance that this matter was not stricken, my lawyer instructed me to come to court and inform the [c]ourt that my lawyer filed his appearance, to ask that the September 8 date be stricken, and to also inform the [c]ourt that everything in this case would be handled by my lawyer from that point.

4. I recall being asked to get my lawyer on the phone, and I went to the hallway to do so. However, when I came back, I understood that the order was already entered."

Plaintiff argued that defendant's response failed to acknowledge that plaintiff's attempts to amend the complaint began when he was acting *pro se* and that *pro se* plaintiffs should be given considerable leeway.

¶ 25 Plaintiff argued further that the proposed second amended complaint made only two substantive changes—adding Walker as a party and repleading the implied warranty claim under the MMWA—and, thus, defendant would not be prejudiced or surprised by the amendments.

¶ 26    The hearing on the newly filed motion for leave to file a second amended complaint occurred on December 19, 2022. Defendant first noted that arbitration had already taken place. Defendant argued that the proposed amendment was not timely because plaintiff had plenty of opportunities before arbitration to file the motion. Defendant stated that "[t]hey could have done all of this between last spring and September 30th." Defendant pointed out that the previous motion for leave to file a second amended complaint had been twice stricken from the call, during which time there was a pending September 30 arbitration date, and that plaintiff chose to proceed to arbitration rather than pursue the motion. Defendant also argued that the proposed second amended complaint did not cure any defect in the amended complaint. Defendant further argued that the proposed second amended complaint prejudiced and surprised defendant:

> "We spent a great deal of time in between September 8th, when it was struck from the call, and September 30th, when it went to arbitration, preparing the case for arbitration. And we've done a lot of work on it since then, so, yes, it does prejudice, it does surprise us. I mean, you just can't have this circuitous litigation."

Defendant also argued that there were previous opportunities to amend the pleadings, given that plaintiff "had a long time to come before this [c]ourt."

¶ 27    Following defendant's argument, the trial court inquired of plaintiff regarding his previously filed *pro se* motion for leave to file a second amended complaint and his failures to appear on the motion. Plaintiff's counsel explained that his "understanding" was that plaintiff's daughter appeared on August 26, 2022, to advise that plaintiff was in the hospital, and then the matter was "taken off call." Counsel stated that "they made a second attempt" (presumably by setting the matter for hearing on September 8), at which time "[counsel] was already of record." Counsel stated that the second attempt "was also struck from the call" and that was "why [counsel]

did not appear." In response, the court pointed out that, at all times, plaintiff had counsel: the *pro se* motion for leave to file expressly stated that, after plaintiff's original counsel withdrew, plaintiff engaged new counsel. The court remarked:

"[S]omebody has to take action, and I'm struggling because at no point was there an attempt to move the arbitration hearing. There were two attempts to amend a complaint. At no point was there [*sic*] to move the arbitration hearing.

So, candidly, even though what you suggest seems simple and straightforward, there is prejudice here. [Defendant] had to prepare, had to participate in an arbitration hearing, went through all of this."

¶ 28    Ultimately, the trial court concluded:

"I think what we have is we have a situation in which there were attempts to amend, those fell by the wayside, and then there was a hearing. There was no attempt to address the hearing, although there were attempts to modify the complaint. It's almost as if there was caution to the wind, and I'm saying this, perhaps, inartfully and impolitely. Caution to the wind. Let the [p]laintiff—or excuse me, the [d]efendant, go through the hearing and then at some point later in time, without agreement, without acquiescence or otherwise leave by the [c]ourt, come back later to add a substantive count, as well as another party. I think that does fly in the face of Rule 88, and the desire—the earlier desire of the Supreme Court to move these cases to prompt resolution one way or the other *** somehow."

The matter was set for a pretrial conference and subsequent trial.

¶ 29    On January 25, 2024, following a bench trial, the trial court entered judgment for plaintiff on count II of the amended complaint (violation of the implied warranty of merchantability under the UCC) and awarded plaintiff $10,143.34. The court found for defendant on count I (violation

of section 2 of the Consumer Fraud Act) and count III (revocation of acceptance under the UCC). Plaintiff had nonsuited count IV (constructive trust) before trial. The court continued the matter for a hearing on attorney fees.

¶ 30    On February 22, 2024, plaintiff filed a petition for attorney fees and costs, requesting "attorney fees under the [MMWA]." Plaintiff sought "$23,132.50 (plus attorney fees previously paid by [p]laintiff to his prior counsel)."

¶ 31    On April 19, 2024, defendant filed a motion to strike the petition. Defendant argued that plaintiff was not entitled to attorney fees because he recovered under section 2-314 of the UCC (810 ILCS 5/2-314 (West 2022)), which, unlike the MMWA, does not provide for an attorney-fee award.

¶ 32    A hearing took place on April 19, 2024. At the outset of the hearing, the trial court asked what authority it had to award plaintiff attorney fees under the MMWA when plaintiff did not bring a claim under that act. Plaintiff argued that he was entitled to attorney fees under the MMWA because MMWA "bootstraps" onto the implied warranty claim under the UCC. The court disagreed. The court stated: "[W]e follow the American rule in Illinois, meaning attorney[ ] fees come from statute or from contract. There's no statute that you prevailed on to get attorney[ ] fees, there's no contract that you prevailed on that gives you attorney[ ] fees." The court concluded that, because plaintiff had been denied leave to amend the complaint, there was no claim under the MMWA, and thus plaintiff was not entitled to attorney fees.

¶ 33    Plaintiff filed a "Motion to Vacate and/or Reconsider" the denial of his petition for fees. Plaintiff, citing foreign authorities, argued that he was entitled to attorney fees under the MMWA after winning his breach of implied warranty claim, even though the claim was brought under the UCC, not the MMWA. Thereafter, defendant filed a response and plaintiff a reply.

¶ 34    Following a hearing, the trial court denied the motion. The court stated:

> "[T]he count [plaintiff] won under doesn't entitle him to fees because in Illinois we follow the American rule, which is you either get fees by contract or you get fees by statute. And there was no provision for fees in the sales contract for the car, and the statute that [plaintiff] prevailed under didn't entitle him to fees."

¶ 35    This timely appeal followed.

¶ 36                                         II. ANALYSIS

¶ 37    Plaintiff raises two contentions on appeal. First, plaintiff contends that the trial court erred in denying his motion for leave to file a second amended complaint. Second, plaintiff argues that the court erred in denying his petition for attorney fees. Defendant has not filed a brief. However, because the record is straightforward and the claimed errors are such that we can decide them without the aid of an appellee's brief, we will consider the merits of the appeal. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 38    We first consider the propriety of the trial court's denial of plaintiff's motion for leave to file a second amended complaint. The following legal principles apply.

¶ 39    Section 2-616(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-616(a) (West 2022)) permits parties to amend their pleadings "on just and reasonable terms" at any time before a final judgment is rendered. "Illinois law adopts a liberal policy regarding amendments of pleadings, but the right is not unlimited, and there is no absolute right to amend a complaint." *United Conveyor Corp. v. Allstate Insurance Co.*, 2017 IL App (1st) 162314, ¶ 35.

¶ 40    In *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992), our supreme court articulated four factors a court must consider when ruling on a motion to amend: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties

would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified." The party seeking leave to amend bears the burden of demonstrating that all four factors favor the relief requested. *I.C.S. Illinois, Inc. v. Waste Management of Illinois, Inc.*, 403 Ill. App. 3d 211, 220 (2010). "Reviewing courts also consider whether the amendment concerns matters known to the pleader at the time the original pleading was filed and whether good reason for not filing is offered by the pleader." *Bland v. Q-West, Inc.*, 2023 IL App (2d) 210683, ¶ 12.

¶ 41    A trial court's decision denying a motion to amend will not be reversed on appeal absent an abuse of discretion. *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 50. An abuse of discretion occurs only when no reasonable person would take the view that the trial court adopted. *Lacey v. Perrin*, 2015 IL App (2d) 141114, ¶ 76.

¶ 42    Here, in support of his claim that the trial court erred, plaintiff cites to only two authorities. The first is section 1-106 of the Code (735 ILCS 5/1-106 (West 2022)), which states that the Code "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties." The second is *Seifert v. Sneckenberg Thompson & Brody, LLP*, 2022 IL App (1st) 200966. Plaintiff cites *Seifert* solely for the proposition that

> "a dismissal for want of prosecution should be set aside where 'satisfactory explanation of the apparent delay has been given, there has been no intentional or wilful [*sic*] disregard of any directions of the court[,] and it does not appear that further postponement of the controversy on its merits would result in prejudice or hardship to any of the parties.' " *Id.* ¶ 40 (quoting *In re Marriage of Dague*, 136 Ill. App. 3d 297, 299 (1985)).

¶ 43    Absent from plaintiff's brief is any acknowledgement of the controlling statutory provision—section 2-616 of the Code—or *Loyola*'s four-factor test. Illinois Supreme Court Rule

341(h)(7) (eff. Oct. 1, 2020) requires that the appellant's brief "contain the contentions of the appellant and the reasons therefor, *with citations of the authorities \*\*\* relied on*." (Emphasis added.). As a reviewing court, we are entitled to have the issues clearly defined, relevant authority cited, and proper legal arguments presented. *Walters v. Rodriguez*, 2011 IL App (1st) 103488, ¶ 5. The failure to cite relevant authority can result in forfeiture of the argument. See *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 19; see also *Lewis v. Heartland Food Corp.*, 2014 IL App (1st) 123303, ¶¶ 5-6 (arguments that fail to comply with Rule 341(h)(7) are forfeited). Here, plaintiff's citation to section 1-106 of the Code does little to advance his claim. Plaintiff's citation to *Seifert* is puzzling, as it concerns a dismissal for want of prosecution, and, as such, is not relevant. Thus, given plaintiff's failure to cite to relevant authority and present cogent argument based on that authority, we find that plaintiff has forfeited his claim that the trial court abused its discretion in denying his motion for leave to file a second amended complaint.[2] As noted, the plaintiff must demonstrate that all four factors favor granting the motion for leave to amend. *I.C.S. Illinois, Inc.*, 403 Ill. App. 3d at 220. Here, plaintiff has failed to do so.

¶ 44    Forfeiture aside, we find no abuse of discretion. First, the trial court's comments make clear that it gave great weight to factors three and four of *Loyola*'s four-factor test, which concern the timeliness of the motion for leave to amend and whether plaintiff had previous opportunities

---

[2]We note, too, that although plaintiff cites three cases to support his assertion that "[t]he standard of review for amending pleadings is abuse of discretion," none of the cited cases involve amendments of pleadings. See *Schwartz v. Cortelloni*, 177 Ill. 2d 166, 176 (1997) (reviewing a ruling on a motion to disqualify counsel); *Najas Cortés v. Orion Securities, Inc.*, 362 Ill. App. 3d 1043, 1046-47 (2005) (reviewing a decision to not recognize a foreign judgment); *Bodine Electric of Champaign v. City of Champaign*, 305 Ill. App. 3d 431, 435-36 (1999) (reviewing the denial of declaratory relief).

to amend. Indeed, both factors weigh heavily in favor of affirming the denial of leave to amend. Plaintiff filed his initial complaint on June 16, 2021. There can be no dispute that the proposed MMWA claim was based on facts accessible to plaintiff when he filed his initial complaint, which alleged a state law implied warranty claim. Plaintiff offers no excuse for his failure to include the MMWA claim in his initial (or amended) complaint. Plaintiff waited over a year from the initial filing before making his first request for leave to add the MMWA claim. Plaintiff had plenty of opportunities to request leave to amend the complaint much earlier—he could have sought leave to amend at any time after filing his initial complaint and before arbitration took place.

¶ 45    To be sure, plaintiff filed a *pro se* motion for leave to amend his complaint on August 12, 2022, before the arbitration hearing had occurred. However, after filing the *pro se* motion, plaintiff failed on two occasions to pursue it. Although plaintiff asserts that "no reasonable person could fault [p]laintiff for ending up in a hospital on [August 26, 2022,] the first time the motion was presented to the trial court," plaintiff completely ignores what transpired thereafter. The common-law record shows that on August 25, 2022, the day before the scheduled hearing on his *pro se* motion for leave to amend, plaintiff filed a *pro se* amended notice of motion indicating that the motion for leave to amend would instead be heard on September 8, 2022. Plaintiff's counsel argued below that—despite filing his appearance on August 26, 2022, and being aware of the pending motion—he did not appear on the September date because of a "miscommunication with the [c]lerk of the [c]ourt" as to whether the pending motion had been stricken. According to Walker's affidavit, "[counsel] instructed [her] to come to court and inform the [c]ourt that [counsel] filed his appearance, to ask that the September 8 date be stricken, and to also inform the [c]ourt that everything in this case would be handled by [counsel] from that point." However, as counsel should have been aware, once he filed an appearance on plaintiff's behalf, responsibility for

managing the case fell to him, not plaintiff's daughter, who could not lawfully appear in court on plaintiff's behalf. After filing his appearance on August 26, 2022, counsel could have called the clerk of the court to obtain a status update as to the *pro se* motion. Counsel could have also filed a new motion for leave to amend if necessary. He did neither. Moreover, as the trial court emphasized, there were no attempts between September 8 and the arbitration hearing to continue that hearing so that plaintiff could be heard on his motion for leave to amend. Instead, plaintiff threw "[c]aution to the wind" and proceeded with the arbitration hearing.

¶ 46    Within the context of its comments emphasizing the timing of the motion for leave to amend, the trial court also touched on *Loyola*'s first factor, which concerns whether the proposed amendment cured a defect in the complaint. The court noted that plaintiff was attempting "to add a substantive count." Indeed, plaintiff, by his amendment, did not propose to cure a defect in the complaint, but rather to add a new federal cause of action, which, as already noted, was based on facts known to plaintiff when he initially filed his complaint. Therefore, this factor has not been met.

¶ 47    The only argument plaintiff makes (again without citation to relevant authority) in support of his claim that the trial court erred relates to factor two, concerning whether defendant would sustain prejudice or surprise by the proposed amendment. Plaintiff argues that his proposed second amended complaint sought only "to clarify that the fees are being sought under a specific statute, [and thus] results in zero prejudice." The trial court disagreed. The court found that defendant suffered prejudice in that defendant "had to prepare, had to participate in an arbitration hearing, went through all of this." Although it is arguable that, when looking at the issue of prejudice in isolation, one could conclude that defendant would have suffered minimal prejudice by the amendment (because adding a claim for breach of the implied warranty of merchantability under

the MMWA would likely not have significantly impacted defendant's defense), it is evident that here the trial court weighed all the factors carefully and determined that the circumstances warranted denial of leave to amend. We cannot say that no reasonable person would take this view, and thus we find no abuse of discretion.

¶ 48    Accordingly, we hold that (1) plaintiff forfeited his claim that the trial court abused its discretion in denying plaintiff's motion for leave to file a second amended complaint and (2) forfeiture aside, the trial court did not abuse its discretion.

¶ 49    We turn now to plaintiff's second contention. Plaintiff argues that, even though his amended complaint did not include a claim under the MMWA (15 U.S.C. § 2310(d)(1) (2018) for breach of the implied warranty of merchantability, he is entitled to attorney fees under the MMWA (*id.* § 2310(d)(2)). We disagree.

¶ 50    "Illinois has long followed the 'American rule' regarding the award of attorney fees. Under that rule, each party to litigation must normally bear its own litigation expenses, regardless of who won." *State ex rel. Schad, Diamond & Shedden, P.C. v. My Pillow, Inc.*, 2018 IL 122487, ¶ 17. "Prevailing parties are prohibited from recovering their attorney fees from the losing party absent express authorization by statute or by contract between the parties." *Id.*

¶ 51    Here, plaintiff succeeded on his claim for breach of the implied warranty of merchantability under section 2-314 of the UCC (810 ILCS 5/2-314 (West 2020)). However, section 2-314 of the UCC does not provide for an award of attorney fees. See *Rubin v. Marshall Field & Co.*, 232 Ill. App. 3d 522, 534 (1992) ("[An] implied warranty claim under the [UCC] *** does not provide for the award of attorney fees."). Accordingly, plaintiff has no statutory right to attorney fees.

¶ 52    Nevertheless, plaintiff argues that he is entitled to fees under the MMWA because "there is no such thing as a 'separate' [MMWA] claim," as it "covers implied warranties 'arising under

state law.' " See 15 U.S.C. § 2301(7) (2018). We disagree. Although plaintiff is correct that the MMWA covers implied warranties arising under state law, it is a federal claim distinct from a claim under the UCC. See *Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 780-81 (7th Cir. 2011) (noting that the plaintiffs' state law claims for breach of express and implied warranties were "related" to their federal claims under the MMWA but that nothing in the MMWA prevented the plaintiffs from "bringing their state law claims along with their federal claims"). As he did not bring this distinct claim, he cannot now invoke the MMWA's provisions.

¶ 53    Indeed, the language of the MMWA supports a conclusion that plaintiff is not entitled to fees thereunder. Section 2310(d)(1)(A)-(B) (15 U.S.C. § 2310(d)(1)(A)-(B) (2018)) provides:

> "(1) Subject to [provisions not applicable here], a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—
>
> > (A) in any court of competent jurisdiction in any State or the District of Columbia; or
> >
> > (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection."

Attorney fees are authorized under section 2310(d)(2) of the MMWA (*id.* § 2310(d)(2)), which provides:

> "(2) If a consumer finally prevails *in any action brought under paragraph (1) of this subsection*, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses (including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the

plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate." (Emphasis added.)

Thus, the language is clear that, to be entitled to attorney fees under the MMWA, the party must first prevail in an action *brought under* the MMWA. See *McIlvaine v. City of St. Charles*, 2015 IL App (2d) 141183, ¶ 17 ("[S]tatuory language must be given its plain and ordinary meaning."). Here, because plaintiff has not prevailed in an action brought under the MMWA, he is not entitled to attorney fees under the MMWA.

¶ 54 This conclusion finds support in *Baldwin v. Jarrett Bay Yacht Sales, LLC*, 683 F. Supp. 2d 385 (E.D.N.C. 2009). There, the district court rejected the plaintiff's argument that "a party who pleads only a state-law breach of warranty claim and prevails may recover costs and expenses (including attorneys' fees) under [section 2310(d)(2) of the MMWA]." *Id.* at 393. The district court stated:

"Section 2310(d)(2) permits 'a consumer [who] finally prevails in any action brought under paragraph (1) of this subsection' to recover 'cost[s] and expenses (including attorneys' fees ***).' [Citation.] The statute's plain language makes clear that in order to recover under section 2310(d)(2), the action must be brought under section 2310(d)(1). Thus, if a consumer pleads only a state-law breach of warranty claim, the consumer has not brought an action under section 2310(d)(1) and cannot prevail for purposes of section 2310(d)(2)." *Id.*

¶ 55 Plaintiff directs us to other foreign authority and invites us to hold that, notwithstanding plaintiff's failure to succeed on an MMWA claim, he is entitled to fees under its provisions. For instance, in *Hawkins v. Ford Motor Co.*, 566 S.E.2d 624, 632 (W. Va. 2002), the West Virginia

Supreme Court of Appeals held that a plaintiff who prevails on a claim for breach of the implied warranty of merchantability under West Virginia's Uniform Commercial Code (W. Va. Code § 46-2-101 *et seq.*) may recover attorney fees under the MMWA "as long as the plaintiff sets forth sufficient factual allegations to state a claim showing that he or she is entitled to any relief which the court may grant." Plaintiff asserts that other courts have reached the same result. See *Seybold v. Francis P. Dean, Inc.*, 628 F. Supp. 912, 914-15 (W.D. Pa. 1986) (allowing attorney fees under the MMWA, although no claim under the statute was pleaded in the complaint, where the plaintiff brought a state law breach of warranty claim and the issue of attorney fees under the MMWA was raised by the parties more than two years before trial and was later briefed before trial); *Forest River, Inc. v. Posten*, 847 So. 2d 957, 961-62 (Ala. Civ. App. 2002) (allowing recovery of attorney fees under the MMWA after the MMWA claims had been dismissed on summary judgment, where the plaintiff later prevailed at trial on a state law breach of express warranty claim); *Bonnette v. MG Financial Enterprises, LLC*, 540 P.3d 1213, 1218-19 (Ariz. Ct. App. 2023) (the plaintiff was entitled to attorney fees because his successful "lemon law" claim under state law qualified as an implied-warranty claim as defined by the MMWA).

¶ 56    We acknowledge the foregoing authority. We note, however, that decisions from other states do not bind us. See *Mount Vernon Fire Insurance Co. v. Heaven's Little Hands Day Care*, 343 Ill. App. 3d 309, 320 (2003) ("[C]ases from foreign jurisdictions are not binding upon this court."). Thus, we decline to follow *Hawkins*, *Forest River*, and *Bonnette* to the extent they are not otherwise distinguishable.[3] Although *Seybold* is a federal decision leaning in plaintiff's favor, we are not bound by it either. Our supreme court has stated:

---

[3]Plaintiff also cites *Walsh v. Chrysler Corp.*, No. CIV. A. 96-CV-5802, 1997 WL 732459 (E.D. Pa.

> "While we are *bound* only by the United States Supreme Court, if the lower federal courts are uniform on their interpretation of a federal statute, this court, in the interest of preserving unity, will give *considerable weight* to those courts' interpretations of federal law and find them to be highly persuasive. [Citation.] However, if the federal courts are split, we may elect to follow those decisions we believe to be better reasoned." (Emphases in original.) *State Bank of Cherry v. CGB Enterprises, Inc.*, 2013 IL 113836, ¶ 35.

Here, as noted above, there is federal authority—specifically, *Baldwin*—which we believe to be better reasoned. Accordingly, we elect to follow *Baldwin*.

¶ 57 Based on the foregoing, we hold that the trial court did not err in denying plaintiff's petition for attorney fees under the MMWA because plaintiff did not prevail on a claim brought under the MMWA.

¶ 58 III. CONCLUSION

¶ 59 For the reasons stated, we affirm the judgment of the circuit court of McHenry County.

---

Nov. 26, 1997), but it is readily distinguishable. In *Walsh*, the plaintiff brought claims under both the MMWA and the UCC. *Id.* at *1. A panel of arbitrators found in the plaintiff's favor but failed to specify which statute authorized recovery. *Id.* The court held that, because there was no evidence that the plaintiff abandoned her MMWA claim, the award did not preclude an award of attorney fees under the MMWA. *Id.* at *2.

Finally, plaintiff cites *Maconi v. Price Motorcars*, 1993 WL 542571, at *3 (Del. Super. Ct. Dec. 1, 1993), an unpublished Delaware trial court order awarding attorney fees under the MMWA where the plaintiffs raised the issue of liability under the MMWA prior to trial but never formally pled a claim under that statute and the jury found that defendants violated the implied warrant of merchantability.

¶ 60    Affirmed.[4]

_____

[4]On October 28, 2024, plaintiff filed in this court a motion under Illinois Supreme Court Rule 362 (eff. July 1, 2017) seeking to amend his amended complaint to add the words " 'under Section 2310(d)(2) of the [MMWA]' " to his prayer for relief in count II, which was an implied warranty claim under section 2-314 of the UCC. Under Rule 362(b), the party "must show the amendment to be necessary, that no prejudice will result to the adverse party if the amendment sought is permitted, and that the issues sought to be raised by the amendment are supported by the facts in the record on appeal." Ill. S. Ct. R. 362(b) (eff. July 1, 2017). Here, given our holding that plaintiff cannot recover attorney fees under the MMWA when he prevailed on an implied warranty claim brought only under the UCC, the addition of a citation to the MMWA in plaintiff's claim for relief in count II would not entitle him to fees. Thus, the amendment would be futile. Accordingly, we deny the motion.

*Walker v. Shults Auto Sales, Inc.*, **2025 IL App (2d) 240459**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McHenry County, No. 21-AR-235; the Hon. Mark R. Facchini, Judge, presiding. |
| **Attorneys for Appellant:** | Dmitry N. Feofanov, of ChicagoLemonLaw.com, P.C., of Lyndon, for appellant. |
| **Attorneys for Appellee:** | No brief filed for appellee. |